IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALINDER THIARA, | No. C06-03503 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| v. | |
| ROBERT E. KIERNAN III, ET AL. | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff Balinder Thiara's ("Plaintiff" or "Thiara") Motion[1] to Remand to State Court. Defendant[2] Robert E. Kiernan III ("Kiernan" or "Defendant") opposes the motion. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.[3]

## FACTUAL BACKGROUND

The instant action presents a dispute involving an investment management venture started by Thiara and Kiernan. In early 2002, Thiara asked Kiernan to join him in establishing an asset management company. (Complaint ("Compl."), ¶ 10.) Thiara is a resident of California, and Kiernan is a resident of New York. (*Id*., ¶¶ 1-2.)

---

[1] Docket No. 8.

[2] The other Defendants include Resolution Capital Management LLC and Resolution Capital Advisors LP (collectively, "Resolution Entities").

[3] Also before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The Court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 22) as moot.

1  On June 3, 2002, Thiara and Kiernan formed Resolution Capital Management LLC ("RCM") 2 pursuant to the Delaware Limited Liability Company Act. (*Id*., ¶ 3.) Thiara and Kiernan became 3 members and managers of RCM and both acquired a 50% membership interest. (*Id*.)

4  Also on June 3, 2002, Thiara, Kiernan, and RCM formed Resolution Capital Advisors LP 5 ("RCA") pursuant to the Delaware Revised Uniform Limited Partnership Act. (*Id*., ¶ 4.) RCA was 6 comprised of Thiara and Kiernan as limited partners, and RCM as the general partner, each with 7 partnership interests of 49.5%, 49.5%, and 1%, respectively. (*Id*.)

8  Thiara alleges that on April 1, 2005, Kiernan wrongfully terminated the parties' business 9 relationship. (*Id*., ¶ 17.) Thiara alleges that Kiernan violated his fiduciary duties to the Resolution 10 Entities and has wrongfully benefitted from Thiara's efforts. (*Id*., ¶¶ 18-27.) On May 4, 2006, 11 Plaintiff filed a Complaint against Kiernan and the Resolution Entities in state court, alleging: (1) a 12 derivative claim for breach of fiduciary duty against Kiernan on behalf of the Resolution Entities as 13 nominal defendants; and (2) a direct claim for quantum meruit against Kiernan on behalf of Thiara. 14 (*Id*., ¶¶ 18-27.)

15  On May 31, 2006, Kiernan filed a Notice of Removal, citing diversity jurisdiction as basis 16 for removal. Thiara now moves to remand the case to state court on the grounds that the Resolution 17 Entities are de facto Plaintiffs and real parties in interest as to the pending derivative claim for 18 breach of fiduciary duty. Thiara contends that because the de facto Plaintiff Resolution Entities are, 19 for diversity purposes, citizens of New York and California, and because Kiernan is a citizen of New 20 York, complete diversity does not exist.

21  **LEGAL STANDARD**

22  Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state 23 court to federal district court if the district court has subject matter jurisdiction over the case. The 24 district court has subject matter jurisdiction over a case if there is diversity of citizenship between 25 the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of 26 the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332

2

1  (diversity jurisdiction); *Ethridge v. Habor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).[4]
2  As the party seeking to remove the action, the defendant bears the burden of establishing that subject
3  matter jurisdiction exists. *Ethridge*, 861 F.2d at 1393. Because the Court strictly construes the
4  removal statute against removal, if there is any doubt as to the existence of federal jurisdiction, the
5  Court should remand the matter to state court. *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir.
6  1992).

7  The procedure for removal is set forth in 28 U.S.C. § 1446. This section provides that a
8  defendant seeking to remove a civil action to federal court must file a notice identifying the basis for
9  removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy
10 of the initial pleading setting forth the claim for relief upon which such action or proceeding is
11 based[.]" 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the
12 propriety of removal based on procedural defects and move to remand a case to state court within 30
13 days after the filing of the notice of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des
14 Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).[5]

15 A district court has an independent obligation to examine whether removal jurisdiction exists
16 before deciding any issue on the merits. *See University of South Alabama v. American Tobacco Co.*,
17 168 F,3d 405, 410-11 (11th Cir. 1999); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.
18 2004).

### ANALYSIS

**A.    The Resolution Entities**

21 The citizenship of each member of an unincorporated association or partnership must be
22 considered in determining diversity. *See Carden v. Arkoma Associates*, 494 US 185, 195 (1990);
23 *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).
24 Unincorporated associations and partnerships are treated as a citizen of each state of which its
25 members are citizens. *See Carden v. Arkoma Associates*, 494 US 185, 195 (1990).

---

[4] Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state.

[5] Untimely removal is a procedural, rather than a jurisdictional, defect. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992).

3

The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Here, the Resolution Entities have both Thiara and Kiernan as members. Since Thiara is a citizen of California and Kiernan is a citizen of New York, it follows that the Resolution Entities are citizens of both New York and California for diversity purposes.

**B.      Diversity of Citizenship**

Thiara contends that this case must be remanded for lack of subject matter jurisdiction because complete diversity of citizenship does not exist among the parties. Specifically, Thiara contends that the Resolution Entities' citizenship must be considered for purposes of determining whether diversity jurisdiction exists. In response, Kiernan contends that, because Thiara's claims are direct and not derivative, the Resolution Entities' citizenship is not a factor in determining diversity jurisdiction. The parties do not dispute that the amount in controversy for federal subject matter jurisdiction based on diversity of citizenship is satisfied.

**1.      Delaware Law**

Whether a suit is derivative or direct is governed by the law of the state of incorporation. *Kennedy v. Venrock Associates*, 348 F.3d 584, 589-90 (7th Cir. 2003) (The question whether a suit is derivative by nature or may be brought by a shareholder in his own right is governed by the law of the state of incorporation); *see also Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 159 (7th Cir. 1996). Here, since the Resolution Entities were established under the laws of Delaware, the Court will look to Delaware law to determine whether Thiara's claim is a valid derivative claim or whether it is actually a direct claim.

**2.      Direct or Derivative Claim**

Under Delaware law, whether a claim is derivative or direct turns on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders,

4

individually). *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031, 1033 (D. Del. 2004).

A wrong to the incorporated group as a whole that depletes or destroys corporate assets and reduces the value of the corporation's stock gives rise to a derivative action; while a breach of an individual shareholder's "membership" contract or some other interference with the rights that are traditionally viewed as incident to the individual's ownership of stock gives rise to a non-derivative, or direct, action by the injured shareholder or shareholders. *Cede & Co. v. Technicolor, Inc.*, 542 A.2d 1182, 1188 n. 10 (Del 1988). To determine whether the claim belongs to the company or to a member directly, the court considers the "nature of the wrong alleged" and "the relief, if any, which could result if plaintiff were to prevail." *Kramer v. Western Pacific Indus., Inc.*, 546 A.2d 348, 350 (Del. 1988); *Elster v. American Airlines, Inc.*, Del. Ch., 100 A.2d 219, 221-23 (Del. 1953). In determining the nature of the wrong alleged, a court must look to "the body of the complaint, not to the plaintiff's designation or stated intention." *Lipton v. News Int'l, PLC*, Del. Supr., 514 A.2d 1075, 1078 (Del. 1986).

### a. Alleged Harm

In determining whether Thiara's claim is actually a derivative claim, the Court must determine who suffered the alleged harm as the real parties in interest. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro v. Sav. Ass'n v. Lee*, 446 U.S. 458 (1980). In doing so the court may realign the parties according to their substantive interests in the litigation. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862 (3d Cir. 1991).

Here, the Court finds that the Resolution Entities are real parties in interest. In examining the complaint and the nature of the alleged wrong, the Court finds that the primary issue in this controversy is whether Kiernan breached his fiduciary duties. In the first cause of action for breach of fiduciary duty, the Complaint alleges that Kiernan injured the Resolution Entities by: (1) "misappropriating the intellectual property assets and business opportunities to promote [Kiernan's own separate interests]; (2) developing for [Kiernan's own] benefit profitable business opportunities developed by and belonging to Resolution Capital; (3) refusing to provide access to the Resolution Capital offices, books, and records; and (4) "taking improper and wrongful employment actions

1 against Resolution Capital employees." (Compl., ¶ 21.) As a result, the Complaint alleges that
2 Kiernan's alleged breach of fiduciary duty directly injured the Resolution Entities.

### b.    Benefit of Recovery

Next, in looking beyond the pleadings, the Court finds that the Resolution Entities have a genuine interest in the recovery, if any. Kiernan argues that any relief in this action would be Thiara's alone. The Court disagrees. It does not necessarily follow that the recovery, if any, would flow entirely to Thiara. Kiernan's alleged misappropriation of the property, assets, and business opportunities did not belong only to Thiara. Rather, the property, assets, and business opportunities belonged to the Resolution Entities, of which Thiara only held a partnership interest. Thus, it does not follow that Thiara would be entitled to 100% of any resulting damages. Allowing all damages to flow directly to Thiara would potentially result in a windfall to Thiara at the expense of the damaged Resolution Entity[6]. Thus, the Court concludes that Thiara and the Resolution Entities have distinct interests in any potential relief.

In support of his argument against remand, Kiernan relies almost exclusively on *Polak v. Kobayashi*, No. Civ. A05-330, 2005 WL 2008306 (D. Del. 2005). In *Polak* however, the court found that the primary issue was whether the LLC at issue, should be dissolved pursuant to 6 Delaware Code §§ 18-801 and 18-802. *See Polak*, 2005 WL 2008306, at *5-6. The court determined that the plaintiff's other claim for breach of fiduciary duty was secondary to the dissolution action. *Id*. The court found that the question of whether the LLC should be dissolved was "a strictly internal conflict between [the LLC's] members." *Id*. at *8.

The Court finds Kiernan's reliance on *Polak* to be misplaced. Unlike the partners in *Polak*, Thiara and Kiernan are not involved in a dissolution proceeding of the Resolution Entities. To the contrary, the parties are engaged in a dispute over Kiernan's alleged misappropriation and breach of fiduciary duty to the Resolution Entities, in which both individuals have membership interests. As Thiara points out, a dissolution action like the one in *Polak* seeks to terminate a corporation's existence, while a derivative action seeks to repair a corporation's damages. Therefore, the Court

---

[6] Thiara correctly notes that the recovery could go to pay back creditors or be used to continue the operation of the Resolution Entities. Thiara also argues that as discovery develops, it is possible that Kiernan's alleged breach of fiduciary duty may result in the Resolution Entities' liability to third party investors, if any.

6

concludes that Thiara's first cause of action is properly asserted as a derivative action on behalf of the Resolution Entities and that the Court lacks diversity jurisdiction over the action because both Resolution Entities and Kiernan are citizens of New York.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand

**IT IS SO ORDERED.**

Dated: October 25, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE